**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4265-16T1

J.C.,

     Petitioner-Appellant,

v.

DIVISION OF MEDICAL
ASSISTANCE AND HEALTH
SERVICES and UNION COUNTY
BOARD OF SOCIAL SERVICES,

     Respondents-Respondents.

_____

Submitted February 5, 2019 – Decided  February 21, 2019

Before Judges Rothstadt, Gilson and Natali.

On appeal from the New Jersey Department of Human Services, Division of Medical Assistance and Health Services.

SB2, Inc., attorneys for appellant (Laurie M. Higgins, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Division of Medical Assistance and Health Services (Melissa H. Raksa, Assistant Attorney

General, of counsel; Mark D. McNally, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner, J.C., by her designated authorized representative (DAR), appeals from the failure of respondent, Division of Medical Assistance and Health Services (DMAHS), to respond to her request for a hearing before the Office of Administrative Law (OAL) to challenge a decision of the Union County Board of Social Services (BSS) regarding her eligibility for Medicaid benefits. After conducting a thorough review of the record in light of the arguments raised on appeal, we remand for DMAHS to transfer the matter to the OAL for a hearing.

On December 21, 2016, BSS posthumously approved J.C. for Medicaid benefits from March 1, 2016 to May 24, 2016, the date of her death. Prior to her death, J.C. identified Sharon Phillips-South and Cranford Rehab and Nursing Center (CRNC) as her DAR. The DAR was executed by J.P., J.C.'s daughter and power of attorney.

Subsequently, BSS made two determinations, the first on January 9, 2017, and the second on March 1, 2017, as to J.C.'s available income for pre-eligibility medical expenses (PEME). J.C.'s counsel, upon receipt of the BSS's January 9, 2017 decision, filed a fair hearing request with DMAHS. The OAL scheduled

a hearing for March 1, 2017, before an Administrative Law Judge (ALJ), but J.C.'s counsel cancelled the hearing.[1] That same day, BSS issued a revised statement of J.C.'s available income for purposes of Medicaid eligibility, correcting the dates for the PEME. Shortly thereafter, on March 8, 2017, J.C.'s counsel sent DMAHS another request for a fair hearing to challenge the March 1, 2017 revised PEME calculations.

After requesting a hearing, J.C.'s counsel continued to communicate with representatives of DMAHS, and asked that the agency honor the January 9, 2017 PEME calculation. DMAHS responded by indicating that its March 2017 calculation correctly limited J.C.'s Medicaid eligibility. Despite J.C.'s March 8, 2017 request, DMAHS failed to transfer the dispute to the OAL for a hearing. As a result, J.C. filed this appeal.

On appeal, J.C. claims that due to DMAHS's "unlawful inaction," we should order it to "rescind the March 1, 2017 [PEME determination] and hold that the January 9, 2017 statement of available income be the final allocation," or, direct that J.C.'s appeal regarding BSS's PEME determination be transmitted to the OAL. DMAHS, for the first time on appeal, argues that in accordance

---

[1] It is unclear from the record why J.C. cancelled the March 1, 2017 hearing.

A-4265-16T1

with 42 C.F.R. § 435.923(c)[2] and state law, it had no obligation to respond to CRNC's request for a hearing because CRNC's DAR "extinguished on [J.C.'s] death" and CRNC is not the personal representative of J.C.'s estate.

J.C. responds by asserting that under a separate Medicaid regulation, 42 C.F.R. § 400.203,[3] and related Medicare regulations, J.C. remains a Medicaid "applicant" and, accordingly, the OAL is required to schedule a fair hearing. J.C. further maintains that in accordance with the doctrine of in pari materia we should read "42 C.F.R. § 400.203 and  42 C.F.R. § 435.923(c) as a unified and

---

[2]  42 C.F.R. § 435.923(c) provides in relevant part that the:
> power to act as an authorized representative is valid until the applicant or beneficiary modifies the authorization or notifies the agency that the representative is no longer authorized to act on his or her behalf, or the authorized representative informs the agency that he or she no longer is acting in such capacity, or there is a change in the legal authority upon which the individual or organization's authority was based.
> [(emphasis added).]

[3]  42 C.F.R. § 400.203 defines a Medicaid applicant as:
> an individual whose written application for Medicaid has been submitted to the agency determining Medicaid eligibility, but has not received final action. This includes an individual (who need not be alive at the time of application) whose application is submitted through a representative or a person acting responsibly for the individual.
> [(emphasis added).]

A-4265-16T1

harmonious whole" so as to permit CRNC to prosecute J.C.'s application before the OAL without requiring CRNC to petition the probate court to become a representative of J.C.'s estate.

The New Jersey Medical Assistance and Health Services Act, N.J.S.A. 30:4D-1 to -19.5, provides the authority for New Jersey's participation in the federal Medicaid program. The DMAHS is the administrative agency within the Department of Human Services that is charged with administering the Medicaid program. N.J.S.A. 30:4D-7. In this regard, the DMAHS has the authority to oversee all State Medicaid programs and issue "all necessary rules and regulations." Ibid.

Under applicable state and federal regulations, if an "applicant" is denied Medicaid benefits, the "applicant . . . [is] to be afforded the opportunity for a fair hearing in the manner established by the policies and procedures set forth in N.J.A.C. 10:49-10 and 10:69-6." N.J.A.C. 10:71-8.4(a); 42 C.F.R. § 431.220. Applicants have the right to fair hearings when "their claims . . . are denied or are not acted upon with reasonable promptness . . . ." N.J.A.C. 10:49-10.3(b); 42 C.F.R. § 431.220(a)(1). Requests for fair hearings must be submitted to DMAHS in writing within twenty days of the denial, reduction, or partial denial of Medicaid benefits. N.J.A.C. 10:49-10.3(b)(1) and (3); 42 C.F.R. §

431.221(d). According to J.C., a fair hearing can only be denied if "the applicant withdraws the request in writing, or if the applicant fails to appear at a scheduled hearing without good cause." See 41 C.F.R. § 431.223.

We interpret DMAHS's argument that it failed to schedule a fair hearing because CRNC was "an unauthorized third party," as a claim that CRNC did not have standing, and therefore, no right to request a hearing, as N.J.A.C. 10:71-8.4 permits fair hearings only for an "applicant." See also 42 C.F.R. § 431.221. We conclude that DMAHS shall transfer the matter to the OAL for it to address that standing claim, and if CRNC is successful, the merits of the dispute related to the BSS's March 1, 2017 revised PEME calculations at a fair hearing conducted consistent with fundamental notions of due process. A hearing will permit DMAHS to exercise its "special competence" and address in the first instance whether CRNC is an applicant with standing, after considering 42 C.F.R. § 400.203, 42 C.F.R. § 435.923(c), and the related Medicare regulations cited by J.C. See Muise v. GPU, Inc., 332 N.J. Super. 140, 158, (App. Div. 2000) (quoting Daaleman v. Elizabethtown Gas Co., 77 N.J. 267, 269 n.1 (1978)).

At that hearing, it will be necessary for the OAL to make factual findings regarding the circumstances surrounding the scheduling of the fair hearing on

6

March 1, 2017, to address the January 9, 2017 dispute between J.C. and the BSS, and the legal effect, if any, on that initial referral. As noted, the OAL scheduled that hearing, despite J.C.'s death, which is contrary to DMAHS's current position that J.C.'s passing represented a "change in the legal authority upon which the individual or organization's authority was based," see 42 C.F.R. § 435.923(c), requiring a new DAR by an estate representative.

If the OAL determines CRNC has standing, it should address J.C.'s claims on the merits. In the event CRNC is deemed not to have standing, the OAL should also determine whether J.C.'s estate should be permitted, under the circumstances, to identify a new DAR for the purposes of prosecuting J.C.'s claim at a fair hearing. The OAL's ruling may be reviewed or challenged before the agency, and ultimately by this court if further review is sought.

Accordingly, we remand for DMAHS to transfer the matter for a hearing before the OAL. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION